

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 25 2024

TAMMY H. DOWNS, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH RAY**                                                                    **PLAINTIFF**

v.                        Case No. 4:24-CV-1023-KGB

**BOARD OF TRUSTEES OF
ARKANSAS STATE UNIVERSITY**                                    **DEFENDANT**

## ORIGINAL COMPLAINT

COMES NOW Kenneth Ray, by and through his attorneys Elizabeth Rogers and Chris Burks of WH LAW, for his Original Complaint against Board of Trustees of Arkansas State University, he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. Plaintiff brings this action against the Defendant for violation under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S. Code § 2000(e)3 ("Title VII"), and the Equal Pay Act, 29 U.S.C. § 215(3) ("EPA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's retaliatory actions toward Plaintiff.

2. Plaintiff received inequitable treatment and an adverse employment action as a result of retaliation after Plaintiff assisted a female colleague who made complaints about sex discrimination and unequal pay based on her sex.

3. Upon information and belief, Defendant has willfully and intentionally committed violations of Title VII and EPA as described, *infra*.

This case assigned to District Judge **Baker**
and to Magistrate Judge **Ervin**

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the Title VII and EPA.

5. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas. Accordingly, venue is proper within this District pursuant to 28 U.S.C. § 1391.

6. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

7. The witnesses to Title VII and EPA violations alleged in this Complaint reside in this District.

## III. THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9. Plaintiff is a resident and citizen of White County, Arkansas.

10. Plaintiff Kenneth Ray was employed by Arkansas State University – Beebe from May 2017 to July 2024. At the time of his termination, he was employed as the Emergency Management Coordinator and Human Resources Coordinator.

11. Plaintiff is completing a Ph.D. in Criminal Justice and Homeland Security at Liberty University. He worked as an Adjunct Professor of Criminal Justice for Defendant from 2022 until he was terminated when his summer 2024 classes were removed by Defendant.

12. At all material times, Plaintiff has been entitled to the rights, protection, and benefits provided under Title VII and EPA.

13. Arkansas State University is a public university in the State of Arkansas. It is organized under A.C.A. § 6-65-201, et seq., and under the control of the Board of Trustees under A.C.A. § 6-65-202 and § 6-65-208.

14. Defendant is an "employer" within the meanings set forth in Title VII and EPA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Plaintiff had worked for Defendant since May 2017, as their Emergency Management Coordinator and Human Resources Coordinator.

17. Since 2022, Plaintiff had also worked for Defendant as an adjunct instructor teaching Criminal Justice classes, as he was in the process of obtaining his Ph.D. in Criminal Justice and Homeland Security.

18. In early 2024, Plaintiff was approached by a female colleague, Dr. Dawn Phillips, who complained that she was being discriminated against due to her sex and paid less than similarly situated male employees. At the time, Phillips was also a Professor in Defendant's Criminal Justice program.

19. Plaintiff participated in Dr. Phillips' protected complaint about sex discrimination and pay disparity by speaking with her about her claims, giving her advice about filing a complaint, and helping her write an internal complaint to the Defendant.

20. When Dr. Phillips submitted this complaint to the Defendant, the document contained Plaintiff's name and his tracked changes to the document.

21. As a result, Defendant had knowledge that Plaintiff had participated in Dr. Phillips' complaint to Defendant about sex discrimination and gender-based pay disparity.

22. After Defendant had knowledge of Plaintiff's involvement in Dr. Phillips' complaint, Defendant began retaliating against Plaintiff.

23. Dr. Phillips' employment with the Defendant ended during the spring semester of 2024. After this, Plaintiff approached the Defendant and asked to cover the classes Dr. Phillips had been teaching as students. In the past, Plaintiff had communicated with Dr. Phillips' students when Dr. Phillips was out due to illness.

24. Defendant did not respond to Plaintiff's emails or phone calls about covering these classes. Even though Plaintiff was a qualified instructor who was offering to cover these classes, Defendant hired an outside party to cover some classes and assigned other classes to another faculty member who taught in a different department and different division and did not teach criminal justice.

25. On March 27, 2024, Defendant posted a job listing for Phillips' former position, Instructor or Assistant Professor of Criminal Justice. This listing required the applicant to have experience working in a local, state, or federal law enforcement agency as a certified law enforcement agency.

26. Plaintiff applied for this position. Plaintiff met all qualifications for this position, including the law enforcement certification required by Defendant.

27. Defendant closed this listing without interviewing Plaintiff.

28. On April 18, 2024, Defendant reposted the same position, removing the requirement for the law enforcement certification.

29. Plaintiff applied for the position again.

30. Defendant created a search committee to review the applications for this position. This committee was almost entirely composed of individuals who Phillips had named in her complaint, which Plaintiff had helped her to draft.

31. The search committee scored Plaintiff drastically lower than other applicants to the position. One applicant who was ranked higher than Plaintiff by the committee had no higher education experience at all, yet the search committee scored her higher than Plaintiff in program evaluation and academic advising.

32. Plaintiff was not interviewed for the Instructor position and the position was ultimately offered to another applicant.

33. Plaintiff filed an internal staff grievance with the Defendant, alleging that he was denied an interview as a result of retaliation after his participation in Phillips' complaint to Defendant.

34. Defendant refused to respond to Plaintiff's grievance and did not hold a grievance hearing.

35. Defendant continued to retaliate against Plaintiff by removing his job duties, such as his control of the mass communication system for emergency notifications, which he had traditionally handled for the Defendant, and reassigning them to other employees.

36. Plaintiff was scheduled to teach classes for the Defendant for the 2024 summer semester. These classes were removed from him without notification and reassigned to other

employees. Plaintiff was terminated from his adjunct instructor position by the removal of these classes.

37. Prior to Defendant learning of Plaintiff's involvement with Phillips' complaint, Plaintiff had no disciplinary or performance issues. Plaintiff intended to continue working and teaching for Defendant.

38. However, after Defendant learned that Plaintiff participated in a female employee's complaint about sex discrimination and gender-based pay disparity, Plaintiff was removed from his summer 2024 classes, which he was scheduled to teach, he was denied the opportunity to teach Phillips' 2024 classes, and he was denied the Instructor or Assistant Professor of Criminal Justice position that he applied to in March and April 2024.

39. Notably, Defendant's search committee for the Instructor position consisted almost entirely of individuals who were named in Phillips' complaint, which Plaintiff helped her to file.

40. These individuals ranked Plaintiff drastically lower than another applicant for the Instructor position who had no higher education experience.

41. Plaintiff was more qualified for the Instructor or Assistant Professor of Criminal Justice position given his level of education, his teaching experience, and his employment with Defendant.

42. Defendant retaliated against Plaintiff by offering the position to a less-qualified applicant.

43. Plaintiff was retaliated against by being denied a position and terminated from his adjunct instructor position as a result of his participation in Phillips' protected activity when Phillips filed an internal complaint alleging violations of Title VII and the EPA.

## V. FIRST CLAIM FOR RELIEF – Title VII Claims

44. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

45. Plaintiff filed a timely charge with the EEOC, received a right to sue letter, and thus exhausted his administrative remedies.

46. Defendant engaged in unlawful employment practices at their campus in Beebe, Arkansas, in violation of 42 U.S. Code §2000e-3.

47. Specifically, and as detailed above, Plaintiff was denied a position and terminated as a result of retaliation after he participated in a colleague's complaint about sex discrimination.

48. Under Title VII, 42 U.S.C. 2000(e)-3, it is unlawful for an employer to discriminate against any employee or any applicant for employee who opposes practices made unlawful by Title VII or who participates in any manner in an investigation, proceeding, or hearing.

49. Plaintiff participated in an investigation and opposed practices made unlawful in Title VII by communicating with Phillips about her claim, giving her advice, and helping her to write her internal complaint to Defendant.

50. After Defendant learned that Plaintiff was associating with Phillips and assisting with her complaint, Defendant began retaliating against Plaintiff by failing to communicate with him about his requests to cover Phillips' classes, failing to respond when he filed an internal grievance, removing Plaintiff as an instructor for the classes he was scheduled to teach in summer 2024, and failing to hire Plaintiff for the Instructor position he applied to in March and April 2024.

51. Defendant retaliated against Plaintiff by denying him a position and terminating him from his adjunct instructor position.

52. Defendant's retaliation was solely motivated by Plaintiff's participation in Phillips' protected activity under Title VII, as described above.

53. The effect of the practices complained of above have been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect his status as an employee due to retaliation based on his participation in a colleague's complaints about Defendant's violation of Title VII.

54. The unlawful employment practices complained of above were and are intentional.

55. The unlawful employment practices complained of above were done with reckless indifference to the federally protected rights of Plaintiff.

56. Pursuant to Title VII of the 1964 Civil Rights Act, as amended, Plaintiff is entitled to, and he seeks, an additional amount as compensatory and punitive damages equal to the sum of his lost wages or salary, benefits and/or other compensation denied or lost to him by reason of Defendant's violations of Title VII, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of Title VII.

### VI. SECOND CLAIM FOR RELIEF – EPA Claims

57. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

58. The Equal Pay Act makes it illegal for employers to discharge or discriminate against employees who file complaints or institute or cause to be instituted any proceeding related to violations of the Equal Pay Act.

59. Plaintiff qualifies for protections under the EPA because he communicated with Phillips about her claim, gave her advice on filing her claim, and helped her to write her internal complaint to Defendant.

60. After Defendant learned that Plaintiff was associating with Phillips and assisting with her complaint, Defendant began retaliating against Plaintiff by failing to communicate with him about his requests to cover Phillips' classes, failing to respond when he filed an internal grievance, removing Plaintiff as an instructor for the classes he was scheduled to teach in summer 2024, and failing to hire Plaintiff for the Instructor position he applied to in March and April 2024.

61. Defendant retaliated against Plaintiff by denying him a position and terminating him from his adjunct instructor position.

62. Defendant's retaliation began after Defendant learned of Plaintiff's participation in Phillips' complaint and was solely motivated by Plaintiff's participation in Phillips' protected activity under the EPA, as described above.

63. Pursuant to EPA, as amended, Plaintiff is entitled to, and he seeks, all permissible damages under 29 U.S.C. §216(b), including injunctive relief, such as reinstatement and promotion, the payment of wages lost, an additional amount as liquidated damages, plus any interest he is entitled to for these causes, because Defendant's action were malicious and Defendant had no reasonable grounds for believing that its actions were not in violation of the EPA.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Kenneth Ray respectfully prays that Defendant be summoned to appear and to answer herein as follows:

(A) A declaratory judgment that Defendant's practices violate Title VII of the Civil Rights Act of 1964, 42 U.S. Code § 2000(e)-2 and the related regulations;

(B) A declaratory judgment that Defendant's practices violate the Equal Pay Act, 29 U.S.C. 215(a)(3), *et seq.* and the related regulations;

(C) Judgment for damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S. Code §2000(e)-2, *et seq.* for all compensation, compensatory, and punitive damages owed to Plaintiff;

(D) Judgment for damages pursuant to Equal Pay Act, 29 U.S.C. 215(a)(3), *et seq.* for all compensation owed Plaintiff for back pay and associated interest and fees, as well as all injunctive relief Plaintiff is entitled, including reinstatement and promotion;

(E) An order directing Defendant to pay compensatory and punitive damages to Plaintiff along with pre-judgment interest, reasonable attorney's fees, and all costs connected to this action;

(F) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**Kenneth Ray, PLAINTIFF**

WH Law
North Little Rock Office
501.888.4357

By: Elizabeth Rogers (ABN: 2023219)
elizabeth.rogers@wh.law
Chris Burks (ABN: 2010207)
chris@wh.law

Mailing Address:
1 Riverfront Place, Suite 745
North Little Rock, AR 72114